# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EUGENE HARVEY** (#2015-0723284), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 11165 |
| ) | |
| **THOMAS J. DART**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Eugene Harvey ("Harvey"), a State of Illinois prisoner currently incarcerated at Sheridan Correctional Center ("Sheridan"), has utilized the Clerk's-Office-supplied printed form of "Complaint Under the Civil Rights Act, Title 42 U.S.C. Section 1983" to contend that his constitutional rights were violated when he was confined at the Cook County Department of Corrections ("County Jail") for a few months during 2015 under what he describes as intolerable living conditions. Harvey accompanied that Complaint with two other Clerk's-Office-supplied printed forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

Because the Application was lacking in any information about the transactions in Harvey's trust fund account at institutions where he was in custody during the six-month period ending with the filing of his Complaint (see 28 U.S.C. § 1915(a)(2)[1]), this Court issued a memorandum order on December 16, 2015 (less than a week after Harvey's documents were

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

received in the Clerk's Office) that called his attention to that deficiency in his original filing. But when Harvey tendered a new Application that arrived at the Clerk's Office on December 28, it included only (1) a one-page snippet from Sheridan reflecting just three transactions in his trust fund account there between October 15 and December 14 of last year and (2) a very brief hand-printed statement signed by Harvey that said:

> I have no means to obtain a statement from Cook County Jail. I have no way to get a statement from Cook County Jail.

Although that statement is not literally correct, there is no question that an unlettered nonlawyer such as Harvey gets less attention from a request of that nature than someone officially connected to this District Court. Accordingly this Court requested one of its law clerks to obtain the relevant Cook County Jail trust fund account information as well as information from Stateville Correctional Center, where the Sheridan printout had revealed Harvey had also spent brief custodial time during the six-month period.

That has enabled this Court to make the calculation called for by Section 1915(b)(1), and it has done so for the 4-1/2-month period (rather than a full six months) that Harvey's Complaint and the three custodial institution printouts revealed him to have been in custody. During that time frame the average monthly deposits to Harvey's account (see Section 1915(b)(1)(A)) came to $43.85, 20% of which (id.) amounted to $8.77. Accordingly Harvey is assessed that initial partial filing fee of $8.77, and the Sheridan trust fund officer is ordered to collect that amount from Harvey's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
> Attention: Fiscal Department.

- 2 -

After such payment the trust fund officer at Sheridan (or at any other correctional facility where Harvey may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Harvey's name and the 15 C 11165 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Sheridan trust fund officer.

With that threshold determination out of the way, this memorandum order turns to Harvey's Motion, for it is obvious that Harvey himself would almost certainly be unable to handle his lawsuit pro se. In that respect the Motion is totally inadequate, because despite the form's specific directive (reading "NOTE: This item must be completed") set out at Paragraph 2 of the Motion form, Harvey has inexplicably left that paragraph totally blank. Our Court of Appeals has made it plain that no such Motion is to be entertained unless the movant has made some reasonable effort to obtain the services of a lawyer on his or her own and has described those efforts and the reason those efforts were unsuccessful (brief statements will suffice for those purposes) in the spaces provided for that information. Accordingly this Court is transmitting three copies of the Motion form to be filled out and returned to the Clerk's Office. If

Harvey has not done so on or before February 22, 2016, no lawyer from this District Court's trial bar will be designated to assist him with his lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 2, 2016