# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EUGENE HARVEY (#2015-0723284), )<br>                                        )<br>              Plaintiff,     )<br>                                        )<br>      v.                               )<br>                                        )<br>**THOMAS J. DART**,         )<br>                                        )<br>              Defendant.   ) | Case No. 15 C 11165 |

## MEMORANDUM ORDER

As it always does in actions brought pro se by persons in custody (whether as pretrial detainees or as convicted defendants serving prison terms), this Court promptly issued a December 16, 2015 memorandum order ("Order I") that pointed out deficiencies in the original filings by plaintiff Eugene Harvey ("Harvey"), comprising a Clerk's-Office-supplied printed form of "Complaint Under the Civil Rights Act, Title 42 U.S.C. Section 1983" together with two other Clerk's-Office-supplied printed forms, an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Because one of those deficiencies was the failure of the Application to provide the information needed for this Court to make its calculations and ruling under 28 U.S.C. § 1915 ("Section 1915"), this Court then requested one of its law clerks to obtain the relevant information in that respect, and on February 2, 2016 it issued a second memorandum order ("Order II") that made the required Section 1915 calculations and granted the Application in those terms.

That however left the Motion unresolved, for Harvey's submission had not provided any information as to the efforts (if any) that he had made to obtain the services of a lawyer on his or her own, and as Order II stated:

> Our Court of Appeals has made it plain that no such Motion is to be entertained unless the movant has made some reasonable effort to obtain the services of a lawyer on his or her own and has described those efforts and the reason those efforts were unsuccessful (brief statements will suffice for those purposes) in the spaces provided for that information.

So this Court caused the copy of Order II that was sent to Harvey to be accompanied by three new copies of the Motion form so that he could fill them out properly and return them to enable this Court to act on the Motion. Although the three-week period that Order II had granted for that purpose should have been far more than ample to enable Harvey to fill out and return the simple Motion forms, total silence has descended -- nothing whatever has been heard from Harvey.

As helpful as this Court seeks to be in assisting pro se litigants (just as was done here), it is not obligated to play nursemaid for them. It has waited nearly two weeks beyond the February 22 date set by Order II, yet nothing has been forthcoming from Harvey. Accordingly, as forecast at the end of Order II, "no lawyer from this District Court's trial bar will be designated to assist him with his lawsuit," and the Motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 3, 2016