# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EUGENE HARVEY (#2015-0723284), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 11165 |
| THOMAS J. DART, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Within a week after prisoner plaintiff Eugene Harvey ("Harvey") filed an action against Cook County Sheriff Thomas Dart, claiming that the conditions of confinement to which he was subjected while detained at the Cook County Department of Corrections ("County Jail"),[1] this Court issued a December 16, 2015 order that dealt with several aspects of Harvey's hand-printed filing of his Complaint that utilized the printed form of Complaint Under the Civil Rights Act, Title 42 Section 1983 made available by the Clerk's Office for use by prisoners in custody who lacked lawyer representation. Harvey then responded to a portion of that order by providing additional information in support of his initially filed In Forma Pauperis Application ("Application"), but he failed to provide the additional information needed to support the other Clerk's-Office-supplied form of Motion for Attorney Representation ("Motion").

As a result, this Court then issued a February 2, 2016 memorandum order ("Order II") that made the calculation called for by 28 U.S.C. § 1915(b)(1) and spelled out the requirements for Harvey's future installment payments toward the $350 filing fee. As for the Motion,

---

[1] By the time Harvey filed his Complaint he had been transferred to Sheridan Correctional Center.

however, Harvey had totally disregarded its specific directive (reading "NOTE: This item must be completed") set out at its Paragraph 2 -- instead he had left that paragraph totally blank. As this Court's Order II at 3 stated:

> Our Court of Appeals has made it plain that no such Motion is to be entertained unless the movant has made some reasonable effort to obtain the services of a lawyer on his or her own and has described those efforts and the reason those efforts were unsuccessful (brief statements will suffice for those purposes) in the spaces provided for that information.

Hence this Court sent Harvey another three copies of the Motion form for him to fill out and return to the Clerk's Office, warning him that if he had not done so during the ensuing three weeks this Court would not designate a lawyer from our District Court's trial bar to assist him with his lawsuit.[2]

This Court then waited for nearly two weeks after the designated date had come and gone, then issued a March 3 memorandum order ("Order III") that concluded by stating:

> As helpful as this Court seeks to be in assisting pro se litigants (just as was done here), it is not obligated to play nursemaid for them. It has waited nearly two weeks beyond the February 22 date set by Order II, yet nothing has been forthcoming from Harvey. Accordingly, as forecast at the end of Order II, "no lawyer from this District Court's trial bar will be designated to assist him with his lawsuit," and the Motion is denied.

More than three months have elapsed since then, during which time counsel has appeared for Sheriff Dart and has filed his Answer to Harvey's self-prepared Complaint, dividing its narrative Statement of Claim into separate paragraphs and answering each of them separately.

---

[2] In that respect Order II had earlier stated:

> [I]t is obvious that Harvey himself would almost certainly be unable to handle his lawsuit pro se.

Despite Harvey's extended delinquency to this point, this Court is loath to dismiss his action for want of prosecution without warning him of that possibility in advance. Accordingly it is once again sending him another three copies of the Motion form so that he can complete it properly and return two of those copies to the Clerk's Office -- but this time, if he does not do so in time for the forms to be received on or before July 6 this action will indeed be dismissed for want of prosecution.

                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  June 17, 2016